HERNDON VS BARTLETT.

4p 481
104 462

4p 481
131 166

*As to pleadings in trespass,* quare clausum fregit, et de bonis asportavit.

1. While one tenant in common may not maintain an action at law against a co-tenant, for the taking of a chattel, unless destroyed or so changed that possession cannot be regained— yet one tenant is not at liberty to invade the close of another, and take into his possession a chattel owned by them jointly, though the one might have its exclusive enjoyment, and refuse a participation to the other.

2. So, in tresspass for breaking the close of plaintiff, and taking a chattel therefrom, it is no justification, or plea, that the defendant was tenant, in common with plaintiff, of the chattel; that the plaintiff had appropriated it to his exclusive use, and excluded the defendant from the use thereof; and that being such tenant in common, defendant broke the close and took the chattel, as he lawfully might—doing as little injury as possible.

3. In trespass *quare clausum fregit, et de bonis asportavit,* the plea of *liberum tenementum,* only, not justifying the asportation of the chattel, is sufficient.

4. Whether the word "unlawfully," would be essential in a declaration in trespass *quare clausum fregit, et de bonis asportavit,* or not, the words "with force and arms," it seems, would be sufficient.

This was an action of trespass, for breaking and entering the close of the plaintiff, and taking therefrom a horse, alleged to have been in the possession of, and owned by the plaintiff; and was prosecuted in Greene Circuit Court, by Bartlett against Herndon.

The declaration complained, that the defendant, on the —— day of —— eighteen hundred and thirty-one, with force and arms, &c. broke and entered a certain stable of the said plaintiff, in the county aforesaid, and then and there broke to pieces, damaged and spoiled divers locks, staples and hinges of, and belonging to the door of the said stable; and then and there took and carried away, a certain chesnut sorrel stud horse of the said plaintiff, then and there being in the said stable, of great value, to wit, of the value of five hundred dollars, and converted and disposed of the same to his own use: And also, that the said defendant on, &c. at, &c. broke and entered a certain other close of the said plaintiff, and then and there seized and took a certain other chesnut sorrel stud horse of the said plaintiff, there found and being in the said close, and of great value, &c. By means whereof, &c.

The defendant, to this declaration, plead the following pleas.

"And the said Edward Herndon comes and defends the wrong and injury, when, &c. and says that he is not guilty of the said supposed trespasses above, in the said first and second counts of the plaintiff's declaration, laid to his charge, or any part thereof, in manner and form, as the said plaintiff hath above thereof, in the said two counts, complained against him, and of this, he, the said Edward Herndon puts himself upon the country, &c.

"And for a further plea in this behalf, to the first count of the plaintiff's declaration as to the breaking and entering the said stable, (in and upon which the said supposed trespasses in the first count mentioned

and therein alleged to have been committed,) in the said first count mentioned, and breaking to pieces, damaging and spoiling divers, to wit, locks, staples and hinges of, and belonging to the door of the said stable, and wherewith the same was fastened ; and also then and there taking and carrying away a certain chesnut sorrel stud horse of him, the said plaintiff, in the said first count mentioned, and of converting and disposing of the same to his, the said defendant's own use; he, the said defendant, by leave of the Court now here first had and obtained, says, that the said plaintiff ought not to have or maintain his action thereof against him, because he says, that the said stable and the close in the said first count mentioned, and in and upon which the said supposed trespasses in the said first count mentioned, are therein alleged to have been committed, now is, and at the said time, when the said supposed trespasses in the said first count mentioned, were committed, as therein set forth and alleged, was the stable, close, soil and freehold of him, the said defendant, to wit, in the county aforesaid. Wherefore the said Edward Herdon, in his own right, at the said time, when the said supposed trespasses, in the said first count mentioned, were committed, as therein set forth and alleged, committed the said supposed trespasses, in the introductory part of this plea mentioned, in and upon said stable and close, in said first count mentioned, so being the stable, close, soil and freehold of him the said defendant, as he lawfully might for the cause aforesaid, which are the said several supposed trespasses, whereof the said plaintiff hath above, in the said first count thereof, complained against him, the said defen-

dant; and this he, the said defendant, is ready to verify: Wherefore, he prays judgment, if the said plaintiff ought to have or maintain his said action thereof, as to the said first count against him, the said defendant, &c.

"And for a further plea in this behalf, to the second count of the plaintiff's declaration, as to the breaking and entering the said other close therein mentioned, and in which the said supposed trespasses in the said second count mentioned, are therein alleged to have been committed, and seizing and carrying away a certain other supposed chesnut sorrel stud horse of him, the said plaintiff, in the said second count mentioned, and converting and disposing of the same, to the use of him, the said defendant; he, the said defendant, by leave of the Court, now here first had and obtained, says, that the said plaintiff, ought not to have or maintain his said action thereof, against him, because he says, that the said close, in the said second count mentioned, and in which the said supposed trespasses, in the said second count mentioned, are therein alleged to have been committed, now is, and at the said time, when the said supposed trespasses, in the said second count mentioned, were committed, as therein set forth and alleged, was the close, soil and freehold of him, the said defendant, to wit, in the county aforesaid: Wherefore, the said Edward Herndon, in his own right, at the said time, when the said supposed trespasses, in the said second count mentioned, were committed, as therein set forth and alleged, committed the said supposed trespasses, in the introductory part of this plea mentioned, in the said close, in the said second count men-

tioned, so being the close, soil and freehold of him, the said defendant, as he lawfully might, for the cause aforesaid, which are the said several supposed trespasses, whereof the said plaintiff hath above, in his said secocd count thereof, complained against him, the said defendant—and this, he, the said defendant, is ready to verify : Wherefore he prays judgment, if he, the said plaintiff, ought to have or maintain his said action thereof, as to the said second count against him, the said defendant.

"And for a further plea in this behalf, as to the said first count, in the said plaintiff's declaration contained, by leave of the Court now here first had and obtained, he, the said defendant, saith, that as to the breaking to pieces, damaging and spoiling of divers, to wit, locks, stables and hinges of, and belonging to the door of the stable of him, the said plaintiff, in the said first count mentioned; and also as to the coming with force and arms, and whatever is against the peace of the State of Alabama, in said first count supposed to be done, he, the said defendant, is not guilty thereof, in manner and form, as the same is charged against him, the said defendant, in the said first count, and of this, he puts himself upon the country; and as to the residue of the said trespasses above, in the said first count supposed to be done, the said Edward Herndon says that the said plaintiff ought not to have or maintain his said action thereof, against him, the said defendant; because, he says, that long before the said time, when the said trespasses are, above in said count, supposed to be done, to wit, on the —— day of —— in the county aforesaid, and from that day always thereafter, up to and at the

said time, when the said trespasses, as above in the said first count supposed to be done, he, the said defendant and the said plaintiff, had been, and then and there were possessed of and owned the said chesnut sorrel stud horse, in the said first count mentioned, in common, by divers titles; and he, the said plaintiff, and he, the said defendant, being so possessed of the said chesnut sorrel stud horse, in the said first count mentioned, in common, as aforesaid, he, the said Elijah Bartlett, long before the time when the said trespasses, are as above, in the said first count, supposed to be done, to wit, on the —— day of ——, in the county aforesaid, took and kept to himself, the exclusive possession, use and enjoyment, of the said chesnut sorrel stud horse, in the first count mentioned, and from the day and year last aforesaid, always afterwards, up to and at the said time, when the said trespasses are, as above in said first count, supposed to be done, kept and maintained to himself such exclusive possession, use and enjoyment of the said chesnut sorrel stud horse, in the said first count mentioned, and wholly and entirely hindered and prevented him, the said defendant, during the whole time aforesaid, and at the said time when the said supposed trespasses are, above in the said first count, supposed to be done, from using or enjoying said chesnut sorrel stud horse, in common with him, the said plaintiff, or at all in any manner whatever: Wherefore he, the said defendant, being such owner of the said chesnut sorrel stud horse, in the said first count mentioned, in common with the said plaintiff as aforesaid, at the said time, when the said trespasses are, above in the first count, supposed to be done, took and

led away from and out of the stable, in the said first count specified, the said chesnut sorrel stud horse, in the said first count specified, as it was well and lawful for him to do, for the cause aforesaid; he, the said defendant, then and there, doing as little damage and injury to the said stable and close, of him, the said plaintiff, in the said first count mentioned, as was possible; which is the same trespasses, in the said first count of the said declaration specified, and whereof the said plaintiff, hath above thereof complained against him, the said defendant, and this, he, the said defendant, is ready to verify : Wherefore, he prays judgment, as to the said first count, if the said plaintiff, ought to have or maintain his said action thereof, against him, the said defendant.

"And for a further plea in this behalf, to the said first count of the plaintiff's said declaration, by leave of the Court, now here first had and obtained, he, the said defendant, saith, that as to breaking to pieces, damaging and spoiling of divers, to wit, locks, staples and hinges of, and belonging to the door of the said stable of him, the said plaintiff, in the said first count mentioned, except only as to the breaking of one small lock ; and also as to the coming with force and arms, in said first count supposed to be done, he, the said defendant is not guilty thereof, and of this he puts himself upon the country; and as to the residue of the said trespasses, above in the said first count supposed to be done, he, the said Edward Herndon says, that he, the said plaintiff, ought not to have or maintain his said action thereof, against him, because, he says that long before the said time when the said trespasses are, above in the said count,

supposed to be done, to wit, on the day and in the
county aforesaid, and from that day always there-
after, and up to and at the said time, when the said
trespasses are, above in the said first count, supposed
to be done, he, the said defendant and the said plain-
tiff, had been, and then and there were possessed of
and owned the said chesnut sorrel stud horse, in the
said first count mentioned, in common, by divers
titles, and he, the said plaintiff, and he, the said
defendant, being so possessed of the said chesnut sor-
rel stud horse, in the said first count mentioned, in
common as aforesaid, he, the said plaintiff, long be-
fore the said time when the said trespasses are, above
in the said first count, supposed to be done, to wit,
on the —— day of —— in the county aforesaid, took
and kept to himself, the exclusive possesssion, use
and enjoyment of the said chesnut sorrel stud horse,
in the said first count mentioned, and from the day
and year last aforesaid, always afterwards, up to,
and at the said time, when the said trespasses are,
above in the first count, supposed to be done, kept and
maintained to himself, exclusive possession, use and
enjoyment of the said chesnut sorrel stud horse, in
the said first count mentioned, and wholly and en-
tirely hindered and prevented him, the said defen-
dant, during the whole time aforesaid, and at the
said time when the said trespasses are supposed
above, in the said first count to be done, from using
or enjoying the said chesnut sorrel stud horse, in the
said first count mentioned, in common with him, the
said plaintiff, or at all, in any manner whatsoever—
Wherefore, he, the said defendant, being such owner
of the said chesnut sorrel stud horse, in the said first

count mentioned, in common with him, the said plaintiff, as aforesaid, at the said time when the said trespasses are, above in the said first count, supposed to be done, broke the small lock with his hand, above in this place mentioned, and wherewith the door of the stable, in the said first count mentioned, was secured and fastened, and then and there, took and led away, from and out of the said stable, in the said first count mentioned, the said chesnut sorrel stud horse, in the said first count mentioned, as it was well and lawful for him to do, for the cause aforesaid, he, the said defendant, then and there, doing as little damage and injury to the stable and close of him, the said plaintiff, in the said first count mentioned, as was possible; and he, the said defendant, in fact says, that the breaking of the small lock aforesaid, was necessary to be done, to enable him, the said defendant, to obtain and take possession of the said chesnut sorrel stud horse as aforesaid, which is the same trespass, in the said first count of the said declaration specified, and whereof the said plaintiff hath, above complained, against him, the said defendant, and this he, the said defendant, is ready to verify: Wherefore he prays judgment, as to the said first count, if the said plaintiff, ought to have or maintain his said action thereof, against him, the said defendant.

"And for a further plea in this behalf, to the said second count of the plaintiff's said declaration, by leave of the Court here first had and obtained, he, the said defendant, saith, that as to coming with force and arms and whatever, that is against the peace of the State of Alabama, in said second count supposed to be done, he, the said defendant, is not

guilty thereof, in manner and form as the same is charged against him, the said defendant, in the said second count; and of this he puts himself upon the country,—and as to the residue of the said trespasses above in the said second count supposed to be done, he, the said Edward Herndon says, that he, the said plaintiff ought not to have or maintain his said action thereof, against him, because, he says, that long before the said time when the said trespasses are above, in the said second count, supposed to be done, to wit, on the —— day of ————, in the County aforesaid, and from that day always thereafter, up to and at the said time when the said trespasses are above, in the said second count, supposed to be done, he, the said defendant, and the said plaintiff, had been, and then and there were possessed of, and owned the said chesnut sorrel stud horse, in the said second count mentioued, in common, by divers titles; and he, the said defendant, and he, the said plaintiff, being so possessed of the said chesnut sorrel stud horse, in the said second count mentioned, in common, as aforesaid, he, the said plaintiff, long before the said time, when the said trespasses are above, in the said second count supposed to be done, to wit, on the —— day of ————, in the County aforesaid, took, and kept to himself the exclusive possession, use and enjoyment of the said chesnut sorrel stud horse, in the said second count mentioned; and from the day and year last aforesaid, always afterwards, up to and at the said time, when the said trespasses are above in the said second count, supposed to be done, kept and maintained to himself, such exclusive possession, use and enjoyment of the said chesnut sorrel stud

horse, in the said second count mentioned; and wholly and entirely hindered and prevented him, the said defendant, during the whole time aforesaid, and at the said time when the said trespasses are above, in the said second count, supposed to be done, from using and enjoying the said chesnut sorrel stud horse, in the said second count mentioned, in common with him, the said plaintiff, or at all, in any manner whatsoever: wherefore, he, the said defendant, being such owner of the said chesnut sorrel stud horse, in the said second count mentioned, in common with him, the said plaintiff, as aforesaid, at the said time when the said trespasses are above, in the said second count supposed to be done, took, and led away from and out of the close of him, the said plaintiff, in the said second count mentioned, the said chesnut sorrel stud horse, in the said second count mentioned, as it was lawful and well for him, the said defendant, to do, for the cause aforesaid—he, the said defendant, thereby, then and there, doing as little damage and injury to the said last mentioned close of him, the said plaintiff, as was possible; which is the same trespasses, in the said second count of the said declaration specified, and whereof the said plaintiff hath above complained against him, the said defendant: and this, he the said defendant is ready to verify.— Wherefore, he prays judgment," &c. &c.

The Court sustained a demurrer to the second, third, fourth, fifth and sixth pleas: and upon the general issue, verdict and judgment were rendered for the plaintiff. And the defendant took a writ of error to this Court.

*Stewart*, for the plaintiff in error.
*Erwin*, contra.

GOLDTHWAITE, J.—Bartlett declaired against Herndon in the Court below, for breaking and entering his stable and close, breaking and destroying locks, &c. and for taking and converting to his own use, a horse of a particular description, there found.

The declaration contains two counts, which are in the usual form of *trespass quare clausum fregit et de bonis asportavit*, and are similar to each other in every respect except this: In the first, the defendant below, is charged to have broken and destroyed, divers locks, staples and hinges, and to have taken and converted the horse—and in the second, the breaking and destroying of the locks, &c. are omitted: in neither count, is the trespass charged to have been unlawfully done.

The defendant below, pleaded, first—not guilty, on which issue was joined.

Second—To the first count of the declaration, a plea of *liberum tenementum*, in the usual form, as to the stable and close, but omitting to notice in any manner, the taking and conversion of the horse.

Thirdly—A similar plea to the second count.

Fourth—To the first count, not guilty as to breaking the locks, staples and hinges, and as to other trespasses, justifying on the ground, that he had been and was a tenant, in common with the plaintiff, of the horse, under divers titles; that the plaintiff had, before the commission of the trespasses, appropriated the horse to his sole use, and excluded the defendant from any enjoyment or use of the same, and that he

being such tenant in common, broke and entered the stable and close of the plaintiff, and took the horse, as he lawfully might, *doing as little damage as was possible to the stable.*

Fifth—Also to the first count—not guilty as to all the breaking and damagiug of locks, staples and hinges, except one small lock; and as to that, and the entering the close and stable, and taking off the horse, the same justification as set forth in the fourth plea.

Sixth—To the second count, a justification as to the breaking and entering the close and stable, for the same reasons as set forth in the two last mentioned pleas.

To all these pleas, a demurrer was filed, and the Court below, gave judgment sustaining the same. The cause was tried and a verdict found on the general issue, on which verdict and judgment were rendered for the plaintiff.

The case is removed by the defendant below, to this Court by writ of error, and he now assigns in this Court for cause of reversal of the judgment of the Court below, that it erred in sustaining the demurrer to the several pleas.

The Court will first consider the fourth, fifth and sixth pleas; as the principles involved in each, are entirely similar to each other.

It is attempted to justify the breaking and entering the stable, andtaking off the horse, for the reason that the plaintiff and defendant were tenants in common, of the horse under divers titles, and because the plaintiff below, had excluded the defendant from the use of the horse, and had assumed the exclusive pos-

session of the same, he was justified in regaining the horse, if he could, without a breach of the peace; and that so to do, he might, if necessary, enter the plaintiff's close, and break open the stable; provided he did the least injury possible, under the circumstances.

It is true that one tenant in common, cannot maintain an action at law, against his co-tenant, for the taking of the chattel owned by them, unless the chattel be destroyed or so changed that the possession can never be regained.*    *Seldon vs Hickock.*†—*Holliday vs Camsell*‡—*Fennings vs Lord Greenville*§— *Barnardiston vs Chapman*‖—*Martyn vs Knowllys.*¶ But it does not seem to follow as a consequence, that one tenant in common, may invade the close of another, to take the chattel owned by them jointly, although that one might be in the exclusive enjoyment of it, and refuse to permit the other to participate therein.

*Coke on Litt. 200. a,b, 1 Chitty on Plead.173 157, 69. 2Sand47g †2Caines Rep. 166 ‡1Term R 658 §1 Taunt 241 ‖1 East] 121 ¶8Term R. 145*

A sole owner would not be permitted thus to right himself, by committing a trespass on the lands, or in the house of one who might wrongfully withhold his property. That a tenant in common has no such right, is fully established by authority, if authority can be required to support a proposition, apparently so clear.*

*2Coke Litt.200 b. 1Chitty Plead 174.*

It seems plain that there is no sufficient justification set out in the fourth, fifth and sixth pleas, and that there was no error in sustaining the demurerrs as to them.

The second and third pleas are supposed to rest on ground peculiar to them alone; it is admitted that they do not justify, or attempt to justify, the taking of the horse; that the defence set up by them, goes

however to. the whole gist of the action, which is con-
tended to consist solely in the breaking and entering
the close, and that all the other matters stated in
the count, are merely in aggravation of this trespass,
and that it is consequently only necessary to answer
the main charge.

The law is stated differently by two approved
authors of treatise' on pleading—*Gould* page 366,
sustains the position that it is only necessary to an-
swer as to the breaking and entering—while *Chitty*,
page 497, maintains that is also necessary to justify,
as to the asportation of the goods. The authorities
cited by the latter, have been examined, and do not [*8 East404]
bear him out in laying down such a rule :* though [Willes 222 N. b.]
the rule itself seems a very reasonable one :—on the
the other hand, Judge *Gould* seems fully supported by
some of the authorities to which he refers—particu-
larly the case of *Taylor vs Cole.*† [†3 Term Rep. 292.]

In the first case cited, Mr. Justice *Buller*, in his [3 Wilson R. 20.]
opinion, fully sustains the position assumed by Judge [1 H. Black R. 555.]
*Gould*, and quotes a case as decided in the common
pleas, where it was held that to an action of trespass,
for taking *and converting* to the defendant's use, a
halter, it was a good plea to justify as to the taking
alone, and if the plaintiff desired to make the *conver-
sion* the gist of the action, he should have replied it
by way of novel assignment.

If this question was now, for the first time to be
decided, we might feel a strong inclination to adopt
the rule laid down by Mr. *Chitty*, and also to reject
the plea of *liberum tenementum*, as amounting to the
general issue, according to the opinion of Chief Jus-
tice *Willes*, in the case of *Lambert vs Strother* ;‡ but [‡ Willes, 218]

with him we concur, that it would be too much, to *now* overrule such pleas.

It is, perhaps, better to follow precedent, in matters of pleading and practice, than to depart from known rules, although such rules may not receive our full assent to the reasons on which they are based.

Testing the second and third pleas, by the rules we have extracted, they would seem to be good, and to contain a full answer to the several counts they assumed to answer; and if it was the desire of the plaintiff to recover damages for the conversion of the horse, he should have new assigned, *if he could not controvert the pleas, as pleaded*—or if the stable and close, in truth, were his freehold, or he was entitled to the possession of the same—that he should have either taken issue on the pleas, as presented, or have new assigned, setting forth his premises, or right of possession, with greater certainty.

The Court has omitted to notice the argument of counsel, on the omission of the word "*unlawfully.*" In both counts of the declaration, it is alleged, that the taking was with force and arms, and we should be disposed to consider this a sufficient allegation of unlawfulness, did we deem it was necessary, to insert it in form or substance, in the declaration.

For the error of the Court below, in sustaining the demurrer to the second and third pleas in the record, the judgment must be reversed and the cause re manded.