# Brown, *et al. v.* Floyd.

*Trespass Quare Clausam Fregit, and Vi et Armis.*

(Decided June 30, 1909.   Rehearing denied Dec. 16, 1909.
50 South. 995.)

1. *Executors and Administrators; Trespass; Representative Responsibility.*—The estate of a deceased person cannot be held liable for the torts of a personal representative, and hence, the administrator cannot be made liable therefor in his representative capacity, although he may be liable in his individual capacity.

2. *Tenancy in Common; Possession of Co-tenants; Trespass.*—Although the possession of one tenant in common is the possession of all, such a possession is not a defense to an action in trespass by one tenant against the person and possession of another holding the actual possession and claiming the entire estate.

3. *Trespass; Action; Damages.*—Where a person leaves the premises at the request of the third party and not because of the trespass, such person is not entitled to recover the rent of the land trespassed upon.

4. *Same; Parties; Defenses.*—Although land or cattle are wrongfully withheld by one having no claim or title thereto, the real owner cannot commit a trespass to recover their possession; there is an adequate remedy at law therefor.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Mary L. Floyd against R. E. Brown and others, in trespass quare clausum fregit vi et armis. Judgment for plaintiff and defendant appears. Reversed and remanded.

LACKEY & BRIDGES, for appellant.—An administrator cannot be made liable in his representative capacity for a tort.—*Daily v. Daily,* 66 Ala. 266; *Shorter v. Urquhart,* 28 Ala. 360; *Spottswood v. Bentley,* 132 Ala. 266; 11 A. & E. Ency. of Law, 942. The possession of one tenant in common is the possession of all.—*Ashford v. Ashford,* 136 Ala. 631. The gist of the action of trespass is the injury done to the possession, and the plain-

tiff must show that he had at the time of the injury rightful possession either actual or constructive.—*Boswell, et al. v. Jones, et al.*, 70 Ala. 244; *L. & N. v. Hall*, 131 Ala. 161; *L. & N. v Smith*, 141 Ala. 335.

D. H. RIDDLE, for appellee.—There was no judgment against Brown as administrator, and hence, he cannot complain.—*Webb v. Reynolds*, 139 Ala. 398; 3 Mayf. 396. The assignments of error being joint and there being no judgment against R. E. Brown as administrator the assignments must fall.—*Kimbrell v. Rodgers*, 90 Ala. 339; *Rudolph v. Brewer*, 96 Ala. 189; *Hillens v. Brinsfield*, 113 Ala. 304.

MAYFIELD, J.—The plaintiff, a woman, sues defendants in trespass quare clausum fregit vi et armis as to lands described in the complaint. The defendant R. E. Brown is sued jointly with the other defendants, and is sued individually and as administrator.

The trespass as alleged and proved was committed by the said R. E. Brown et al. after the death of the intestate of the said Brown. As for such trespass, the personal representative is liable individually, but not in his representative capacity. The estate of a deceased person cannot be held liable for the torts of the personal representative. The separate demurrer of R. E. Brown as administrator should have been sustained to the complaint. It stated no cause of action against him in that capacity. The complaint should have been amended in this respect.—*Shorter v. Urquhart*, 28 Ala. 360; *Daily's Adm'r v. Daily*, 66 Ala. 266; *Spotswood v. Bentley*, 132 Ala. 266, 31 South. 445.

The plaintiff in this case could not recover damages as rent of the lands trespassed upon. It is shown that she left the premises at the request of a third party,

and not on account of the trespass or wrong committed by these defendants. Consequently she could not recover in this action, as damages, the rent of the lands, or the value thereof, after she had abandoned them at the request of a third party.

While the possession of one tenant in common is the possession of all, this is not available as a defense for trespass vi et armis committed by one tenant in common against the possession and person of another, who is at the time in the actual possession, claiming the entire property in his sole right, and is disputing the title of his co-tenant. If the defendants were tenants in common with the plaintiff of the lands in question (as they claim they were), they should have resorted to the law to have declared and enforced their rights as such tenants in common. They should not have attempted to assert and enforce their rights by force and contrary to law, as all the evidence shows they did. If the relation of tenant in common as to the lands had been undisputed, that fact could not justify the torts alleged and proven in this case against those defendants. A sole owner, much less a tenant in common, will not be permitted thus with force to right a wrong by committing a trespass, though the other party wrongfully withholds the possession of the land or chattel from its true owner.—*Herndon v. Bartlett*, 4 Port. 481; *Folmar & Sons v. Copeland*, 57 Ala. 588; *Finch v. Alston*, 2 Stew. & P. 83, 23 Am. Dec. 299.

The evidence in this case tends to show an unwarranted and unlawful, if not malicious, trespass, and was sufficient to authorize the jury to award vindictive damages. It conclusively appears that they did award such damages; and we are not prepared to say that such award, as to either character or amount, was so unwarranted as to authorize the trial court in setting

[Carmichael v. United States F. & G. Co., et al.]

it aside on the motion for a new trial. However, we do not pass on the ruling upon the motion for a new trial, for the reason that the case must be reversed for other caused assigned; but this much is said as to the right to recover punitive damages.

The judgment is reversed and the cause remanded.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.

