# Bartlett *v.* Chaviers.

### Trespass and Trover.

(Decided October 19, 1915.  69 South. 975.)

1. **Trespass; Complaint; Sufficiency.**—An allegation of actual possession in the plaintiff, and of wrongful taking by defendant, accompanied by force or violence, is sufficient to support the action of trespass; the gist of such action being the injury done to the possession of property.

2. **Same; Conclusion; Facts.**—In an action of trespass, allegations which describe the method of taking and aver specific acts of violence, so that issue of facts could be taken and proof adduced in support thereof, or opposition thereto are not demurrable, since they state the facts, and not the conclusions of the pleader.

3. **Same; Forcible Retaking.**—Where the property retaken was property which defendant actually owned, but which he had exchanged with plaintiff, the consideration having failed, yet a taking by defendant of the property accompanied by acts of force or violence, and circumstances of aggravation, was an unlawful trespass.

4. **Same; Damages.**—Where defendant used force and violence in retaking property by presenting a revolver and using threats and abuse to plaintiff, plaintiff may recover exemplary damages.

APPEAL from Gadsden City Court.
Heard before Hon. JOHN H. DISQUE.

[Bartlett v. Chaviers.]

Action by Noah Chaviers against O. H. Bartlett. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint is as follows: (1) Plaintiff claims of defendant $1,000 damages for the wrongful taking of the following goods and chattels, the property of plaintiff, to-wit, one mule. (2) Plaintiff claims of defendant $1,000 damages for that heretofore, to-wit, on the 31st day of March, 1913, and while plaintiff was en route to his work in Etowah county, and in possession of two mules, hitched to a two-horse plow, he was approached by defendant who, with drawn and presented pistol, cursed and abused plaintiff, and wrongfully took one of plaintiff's said mules from him, and while doing so, and in order to intimidate plaintiff, presented the pistol and threatened to shoot plaintiff, thereby greatly humiliating plaintiff, and as a proximate consequence plaintiff suffered the damages hereinbefore claimed. (3) Plaintiff claims of defendant * * * for wrongfully taking the following goods and chattels, the property of plaintiff, namely, one mule. And plaintiff avers that on, to-wit, the 31st day of March, in Etowah county, Ala., and while plaintiff was upon his farm and en route to his work, defendant approached him in a very ugly mood and, with drawn pistol presented upon plaintiff, cursed and abused plaintiff, using vile and insulting language, and threatened to shoot plaintiff, and did with pocketknife cut bridle rein and wrongfully and forcefully took from plaintiff one of plaintiff's said mules which was at the time hitched to a two-horse plow, and defendant forcefully and wrongfully carried said mule away, greatly harassing and humiliating plaintiff, etc.

The following is a portion of the court's oral charge: "There is still another count, and that count charges that, while plaintiff was in possession of this mule, this defendant wrongfully took the mule from him by force. In that aspect of the case, gentlemen, it would not make a particle of difference whether he was the owner of the mule or not, whether he had any title to the mule or not."

The court further instructed the jury that if the mule in controversy was the property of defendant, then plaintiff could not recover under the first count. The court refused several charges asserting that if the title to the mule was in defendant at the time it is alleged that he took the same, they must find the issues in favor of the defendant.

[Bartlett v. Chaviers.]

CULLI & MARTIN, for appellant.   W. J. BOYKIN, for appellee.

PELHAM, P. J.—Suit was brought in the court below by the appellee against the appellant, seeking damages for an alleged trespass by him in the wrongful taking of a mule from the possession of the appellee. There was verdict and judgment for the plaintiff, from which this appeal is prosecuted.

(1) All three counts of the complaint aver a wrongful taking of the mule by the defendant from the possession of the plaintiff, and the first and third counts allege the ownership of the mule to be in the plaintiff. The second count claims damages for the wrongful taking of the animal by the defendant from the possession of the plaintiff, accomplished by acts of violence and circumstances of aggravation. The gist of an action of trespass is injury done to the possession, and the allegation of actual possession in the plaintiff, and the wrongful taking by the defendant, accompanied by force and acts of violence, was sufficient.—Cook, et al. v. Thornton, 109 Ala. 526, 20 South. 14; Dunlap v. Steele & Vandergrift, 80 Ala. 424.

(2) Nor are the grounds of demurrer, directed at counts 2 and 3, as stating conclusions rather than the facts descriptive of the forceful and unlawful trespass, well taken. The allegations of these counts described the manner of taking and so averred, the specific acts of violence accompanying the alleged trespass, that issue of fact could be taken and proof adduced in support thereof or in opposition thereto.

(3) It appears from the facts that the defendant had turned the mule over to the plaintiff in a trade or "swap." The evidence is without conflict that the plaintiff had rightfully come into possession of the mule at the hands of the defendant. It was the defendant's contention, as divulged by the evidence set out in the bill of exceptions, that under the terms of the trade, the animal (a mare) he had received in exchange for the mule not coming up to the representations made by the plaintiff with respect to her qualities, he had the right to "rue back" and take the mule from the defendant's possession. Upon the point as to the right to declare the trade off and retake the mule, the evidence was in sharp conflict, but, even granting that the defendant was the true owner of the mule, and that the plaintiff wrongfully withheld the possession from him, the defendant would not be permitted in the law to take the mule from the pos-

session of the plaintiff, to whom it had been given by the defendant, with force, or by putting the plaintiff in fear of his life by threatening him with a drawn pistol, as the evidence introduced in behalf of the plaintiff tended to show. Such a taking, accompanied by acts of force or violence and circumstances of aggravation, even by the true owner from one who wrongfully withholds the possession from him, would constitute an unwarranted and unlawful trespass.—*Brown v. Floyd,* 163 Ala. 317, 319, 50 South. 995; *Herndon v. Barlett,* 4 Port. 481; *Folmar v. Copeland,* 57 Ala. 588; *Finch v. Alston,* 2 Stew. & P. 83, 23 Am. Dec. 299.

(4) The evidence was in conflict as to the circumstances attending the taking by the defendant. That introduced by the defendant tended to show that while defendant had a drawn pistol, he made no threats, and was permitted to take the animal with but slight objection upon the part of the plaintiff. The testimony of the plaintiff and witnesses in his behalf was to the effect that the defendant forcibly and by intimidation took possession of the mule from the plaintiff by threatening him with a drawn pistol, and cursing and abusing him and chasing him several times around the mule and another animal that the plaintiff was engaged at the time in using as a plow team, and that the defendant then cut the mule loose from the plow to which the team was hitched, by cutting part of the gear or harness, and forcibly by intimidating plaintiff took the mule away with him, against the protest of the plaintiff. The question of whether the taking was by force, accompanied by acts of violence and circumstances of aggravation, was clearly for the jury; and if the jury ascertained that the taking was so characterized, then they were authorized to award vindictive or exemplary damages.—*Brown v. Floyd, supra; Leinkauf v. Morris,* 66 Ala. 406; *Devaughn v. Heath,* 37 Ala. 595; *Parker v. Mise,* 27 Ala. 480, 62 Am. Dec. 776; *Roberts v. Heim,* 27 Ala. 678.

It follows from what has been said that we are of the opinion that the court correctly stated the law on the issues formed, in that part of the oral charge to which an exception was reserved, and was not in error in refusing the various charges requested by the defendant, or in giving the charges at the instance of the plaintiff that are made the basis of the assignments of error.

Affirmed.