28485. DUNCAN *v.* ELLIS.

DECIDED NOVEMBER 22, 1940.

*T. T. Molnar,* for plaintiff in error.

*G. Y. Harrell, R. S. Wimberly,* contra.

MACINTYRE, J. This was an action for damages by Mrs. Mary Ellis against Mrs. Virginia Duncan, doing business as Duncan Chevrolet Company. General and special demurrers were overruled, and the defendant excepted.

■ Where the petition, when considered as a whole, is construed

as one for trespass and not one for malicious use of process, its allegations are sufficient to withstand the general demurrer. When thus construed, and there is a demurrer which is general in its nature, in the usual form "that the declaration sets forth no cause of action," and where paragraph 5 thereof elaborates upon this general demurrer, and sets up that the facts alleged in the petition are insufficient to set up a cause of action for malicious use of process, in that there is no allegation that the proceedings terminated in favor of. the plaintiff, but there is no special demurrer attacking the petition for duplicity or ambiguity, this court will prima facie presume that the plaintiff's purpose was to serve her best interest, and will construe the petition as one upholding the action, to wit: trespass, and not one as defeating the action, to wit: malicious use of process, in which action it is necessary to allege a termination of the proceedings in favor of the plaintiff, and no such allegation is made in the petition. The mere fact that the petition, in alleging or seeking to allege facts which would authorize a recovery for punitive damages, perchance alleges facts which would be appropriate in a petition for malicious use of process, does not necessarily change the character of the petition from that of trespass to that of malicious use of process. It should be noted that under the allegations in this petition a recovery is not sought for the seizure by levy on the property of the person against whom the process issued, but is sought for the seizure by levy on the property of an outsider against whose property there was no execution. In *Baldwin* v. *Davis,* supra, it was held: "A person whose property has been levied on under an execution against another may sue for damages on account of the trespass, independently of the technical rules controlling cases of malicious use or abuse of legal process, and without the necessity of first filing a claim and obtaining a ˙ favorable decision thereon. Although a petition may contain language appropriate to an action for malicious use of process, the action will not be dismissed on general demurrer because of failure to allege a favorable conclusion of the levy proceeding, where, considered as a whole, it may properly be construed as an action for trespass." We think that under this rule the judge did not err in overruling the demurrer. See *Moore* v. *Standard Accident Insurance Co.,* 48 *Ga. App.* 508, 512 (173 S. E. 481), and cit.

■ By special demurrer the defendant raises the question as to whether the allegations for punitive damages are sufficient. The recovery for trespass to personal property is limited to compensation (actual damages), in the absence of aggravations for which exemplary or punitive damages are allowed. The gist of such an action of trespass is the injury done to the possession of the property. *Jones* v. *Lamon,* 92 *Ga.* 529, 530 (18 S. E. 423) ; 4 *Sutherland on damages* (4th ed.), 4158, § 1092; Bartlett *v.* Chaviers, 14 Ala. App. 279 (69 So. 975) ; 63 C. J. 889, § 5(B). However, in the instant case, "To authorize the imposition of punitive or exemplary damages there must be evidence [allegations] of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern Railway Co.* v. *O'Bryan,* 119 *Ga.* 147 (45 S. E. 1000). The plaintiff's action was properly laid in this respect, for she alleged that the defendant made certain false and malicious statements to the plaintiff's agent, in order to get her property (an automobile) into Alabama, so that the defendant could sue out an attachment against her husband and his property and levy on her property which the defendant accordingly did ; and the plaintiff further alleges "that this was after night, that she had a sick baby with her, that it was rainy weather, and that the aforesaid malicious action of the said defendant had the effect of leaving her afoot twenty-four miles from home ; that the action of said defendant put her to the trouble and expense of making the trip to Eufaula, and to the expense of hiring a taxi to get back home, besides all of the humiliation and embarrassment; and petitioner avers that the said defendant maliciously sued out and had levied said attachment on petitioner's car for the purpose of humiliating and embarrassing her in an effort to blackmail and extort the collection of some pretended claim against her said husband; and that by such action your petitioner has been injured and damaged in the sum of seven hundred and fifty dollars. Petitioner avers that by reason of the facts above set out she is entitled to exemplary and punitive damages." The demurrers were not meritorious.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*