### 13120.   SWEAT *v.* FOSTER.

The paragraph of the plaintiff's petition which alleges that " the death of his wife was due to the unskillful diagnosis and treatment by defendant as a medical practitioner, and to the gross carelessness and neglect in his treatment and handling of said wife's illness," was demurrable on the ground urged, that " the allegations thereof are vague and indefinite and are conclusions of the pleader;" and the court did not err in striking it, or in dismissing the amended petition on general demurrer.

DECIDED MARCH 8, 1922.

Action for damages; from Fulton superior court — Judge Pendleton.   October 20, 1921.

This was a renewal suit brought within six months of the dismissal of the original suit. The petition as amended (its formal parts and a copy of the petition in the first suit being omitted) is as follows:

" 1.   That the defendant is a resident of said State and county, a regular practicing physician, practicing the profession of medicine for compensation in said State and county.

"2.   That this is a renewal of suit No. 39170, filed in the clerk's office of the superior court of said county on the 13th day of December, 1917, between the same parties and the same cause of action, said suit No. 39170 having been dismissed by plaintiff's attorney on July 16, 1921.

"3.   Petitioner alleges that he has been damaged in the sum of twenty-five thousand dollars ($25,000), as will hereinafter appear from the facts set out.

"4.   Petitioner shows that on Sunday evening, the 14th day of October, 1917, petitioner's wife (Mrs. Mollie Sweat) was taken ill.

"5.   Petitioner shows that he immediately called at the home of the defendant for the purpose of securing said defendant's services to wait upon petitioner's wife, but petitioner did not see defendant until the following morning, October 15, 1917.

"6.   Petitioner shows that defendant responded to petitioner's call and agreed and promised to visit and wait upon petitioner's wife, and did so visit and wait upon said wife on Monday, October 15, 1917, at about 7 o'clock a. m.   Defendant examined her and stated she was in child labor, and thereupon treated and waited upon petitioner's wife for that trouble and in that respect.

"7.   After remaining and treating petitioner's wife for about one hour, for child labor, defendant left said wife, stating he would return to continue the treatment of petitioner's wife for child labor, at 1 o'clock p. m., Monday, the 15th, 1917.   Defendant did not call upon said wife at 1 o'clock as he had promised, as alleged and set out in this paragraph, but not until many hours afterwards, viz., about 5 p. m.

"8.   Petitioner shows that he went to defendant's house about 4 o'clock p. m., Monday, the 15th day of October, 1917, and urgently requested defendant to return and look after and wait on petitioner's wife.   Defendant did so return in about one hour, and remained about thirty minutes, continuing the treatment of his said wife, as for child labor, and stated to those present that the child would be born in an hour.   Defendant then left and returned no more to petitioner's wife and home.   Petitioner charges that defendant's so leaving at this time was an act of gross carelessness and neglect of said petitioner's wife.

" 9. Petitioner shows that his wife died on Tuesday, October 16, 1917.

" 10. Petitioner shows that petitioner's wife was not in child labor at all at the time defendant waited upon and treated her for same, but her illness was caused by an entirely different thing, viz., gastritis.

" 11. Petitioner alleges and charges that the death of his wife was due to the unskilful diagnosis and treatment by defendant as a medical practitioner, and to the gross carelessness and neglect in his treatment and handling of said wife's illness.

" Petitioner prays that he may recover of the defendant in the sum of twenty-five thousand dollars ($25,000), by reason of the facts set out in this petition."

The defendant interposed a general demurrer to the petition, and the following special demurrer: " Paragraph 11 of the plaintiff's petition should be stricken, because the allegations thereof are vague and indefinite and are conclusions of the pleader."

C. L. Kemper, for plaintiff.

Bryan & Middlebrooks, Chauncey Middlebrooks, for defendant.

BROYLES, C. J. (After stating the foregoing facts.) It is well settled that in a suit for damages alleged to have been caused by the malpractice of a physician, the burden is on the plaintiff to show a want of due care, skill, or diligence, *and also that the injury resulted from the want of such care, skill, or diligence.* Georgia Northern Railway Co. v. Ingram, 114 Ga. 639 (40 S. E. 708), and authorities cited. Conceding, but not deciding, that the petition in the instant case established a want of due care, skill, or diligence, on the part of the defendant, it did not show that this negligence of the defendant was the cause of the death of the plaintiff's wife, paragraph 11 of the petition having been properly stricken on the special demurrer interposed. The court did not, therefore, err in dismissing the suit on general demurrer. In view of this ruling, it is unnecessary to decide whether the first suit was void or merely voidable.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*