## 18777. FARMER v. GEORGIA POWER COMPANY.

DECIDED DECEMBER 14, 1928.

*Porter & Mebane,* for plaintiff.

*L. A. Dean, Lamar Camp,* for defendant.

BELL, J. This was a suit for personal injuries sustained by the plaintiff in a collision between one of the defendant's street-cars and the plaintiff's automobile, in which he was riding, but which at the time was being operated by his 15-year-old son. He was nonsuited, and he excepted.

The evidence tended, consistently with the allegations of the petition, to show the following facts: The defendant railway company maintains a main line of street-car track in Broad street in the City of Rome. The plaintiff in the daytime was traveling north on this street and was approaching a spur or sidetrack which led from the main line into private grounds or yards of the defendant railway company, in which were a car-barn and other side-tracks leading into the barn. The plaintiff's view of these private grounds and the barn was obstructed to some extent by a five-foot fence extending from the barn in the direction of and within 30 feet of Broad street. When he was about 150 feet from the place where the collision occurred he noticed the street-car between the barn and Broad street, moving at right angles with its own course, and being at that time about the same distance as the plaintiff was from the point of the collision, which occurred soon afterwards. The automobile and the street-car were each traveling at about the same rate of speed,—15 or 20 miles per hour. The plaintiff saw

the car first as it came out of the barn, but did not notice it again until it had approached within about four feet of his own vehicle and after it was too late to avoid the danger. The plaintiff testified to these facts, and gave the following additional testimony: "In all the years that I have been traveling that street there, noticing along there, I have seen cars switching backwards and forwards inside the grounds that did not come out. I have never seen one come out in the street without sounding a bell, or gong, or alarm, or without stopping. The barn of the defendant company is just a storage barn up there for parking cars. . . This track which turns off from the main line of the street-car track in or near the center of North Broad street, . . and where I was struck, that is a private side-track; they use it to take cars in and out the main line. They don't use it for passengers; I never saw any passengers on it. It does not lead anywhere to carry passengers. . . The cars run in; that is where the barn stores the cars at night; the street railway, the whole system goes in and out there, puts up their cars and goes out every night and morning. I suppose every time they need a new car they go in there and come out, and that is where they do all their repair work, and I have been knowing that all the while." The plaintiff testified also that his faculties were good and that he did not hear "any bell at all sounded by the car as it came out there."

The evidence authorized the inference that the defendant, by its employee in charge of the street-car, was negligent in running the street-car from its private grounds or yards into Broad street without giving some kind of warning or notice to travelers upon that public thoroughfare. *Perry* v. *Macon &c. R. Co.,* 101 *Ga.* 400, 410 (29 S. E. 304); *Collins* v. *Augusta-Aiken Ry. Corp.,* 13 *Ga. App.* 124 (1) (78 S. E. 944). It can not be said as a matter of law that the plaintiff was guilty of such negligence or lack of care on his part that his own conduct should be regarded as the proximate cause of the collision, or that he should be denied at least a partial recovery under the comparative-negligence rule. *Samples* v. *City of Atlanta,* 95 *Ga.* 110 (22 S. E. 135); *City of Macon* v. *Jones,* 36 *Ga. App.* 799 (138 S. E. 283). This case is unlike the ordinary railroad-crossing case, for here it appears, from the evidence, that cars were occasionally switched "backwards and forwards inside the grounds," without passing into or across the street,

as trains or cars usually do at public crossings. Compare *Thomas v. Central of Georgia Ry. Co.,* 121 *Ga.* 38 (48 S. E. 683) ; *Athens Ry. Co.* v. *McKinney,* 16 *Ga. App.* 741 (86 S. E. 83). The jury could have inferred that the plaintiff's failure to keep a watch upon the car in order to ascertain fully its movement and course was due to a supposition that the car was merely switching or shifting within the yards; and we think the jury would have been warranted further in concluding that the plaintiff was not guilty of a total want of ordinary care, nor of negligence which equalled or exceeded that of the defendant, in acting upon such a supposition. It can not be held as a matter of law that the plaintiff failed to exercise ordinary care to avoid the consequences of the defendant's negligence after the same was or should have been discovered by him. *Savannah Electric Co.* v. *Nance,* 31 *Ga. App.* 632 (1) (121 S. E. 690) ; *Central of Georgia Ry. Co.* v. *Heard,* 36 *Ga. App.* 332 (136 S. E. 533).

The fact that the automobile was being driven at the plaintiff's direction by a person under sixteen years of age, contrary to statute, would not affect his right to recover if the vehicle was otherwise operated with due care, as the jury could have found was true from the evidence. *Western & Atlantic Railroad* v. *Reed,* 35 *Ga. App.* 538 (4) (134 S. E. 134).

Since there was some evidence which would have authorized a finding in favor of the plaintiff, the court erred in awarding a nonsuit.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*