### 19514. BLANCHARD v. OGLETREE.

JENKINS, P. J. This was a suit for damages on account of the homicide of the plaintiff's daughter, who was killed when an automobile which she had entered as the invited guest of the defendant, and which the defendant was driving, was overturned. The evidence as to the facts and circumstances attending the accident presented an issue as to whether the defendant was guilty of gross negligence at the time the accident occurred, the testimony being such as to authorize a finding either for or against the defendant on that issue. By an amendment to the petition it was alleged that the deceased had, prior to the accident, not only protested against the rate of speed at which the de-

fendant was driving, but requested to be allowed to leave the car and return to Atlanta on the train, but that the defendant refused and disregarded the request, and continued to increase his rate of speed. On the trial the only evidence offered by the plaintiff as to the acts and conduct of the defendant at the time of and just prior to the accident consisted of testimony as to statements made by him after the accident, although there were two other persons in the car at the time the deceased met her death, and one of these persons was present at the trial, and was sworn as a witness for the plaintiff. The jury found in favor of the defendant, and the plaintiff excepts to the overruling of her motion for new trial. *Held:*

1. "One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence." *Epps* v. *Parrish*, 26 *Ga. App.* 399 (106 S. E. 297); *Harris* v. *Reid*, 30 *Ga. App.* 187 (117 S. E. 256); *Peavy* v. *Peavy*, 36 *Ga. App.* 202 (136 S. E. 96). See also, in this connection, *Slaton* v. *Hall*, 168 *Ga.* 710 (148 S. E. 741).

2. The rule set forth in the foregoing division of the syllabus should not apply, however, where there was what amounted to a change in the legal relationship of the parties by reason of a request made by the passenger to be permitted to leave the car prior to the accident, and the continuance of the passenger in the car was occasioned by the refusal of the driver to accede to the request. In the instant case there was testimony of declarations made by the defendant shortly after the accident that if he had permitted the deceased to get out of the car as she had requested, she would then be alive. This testimony may or may not have been fully explained by that of another witness to the effect that the statement had no reference to any protest made by the deceased on account of the defendant's manner of driving, but that the request to be permitted to leave the automobile and return home on the train was made when the defendant expressed a wish that the party have breakfast in the town to which they had driven; to which proposal the decedent demurred, then and there offering to return by train, whereupon the defendant acceded to the wishes of the decedent and turned the automobile towards home and was proceeding in that direction when the accident occurred. There was some evidence, however, from another witness to the effect that the defendant stated to him that the decedent requested permission to leave the car after the car had been turned towards home. It therefore appears to be a disputed issue whether the decedent was being carried in the car at the time of the accident contrary to her expressed wish and desire.

3. Exception is taken to the giving in charge by the court of section 5749 of the Civil Code (1910), as follows: "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted." In the instant case the plaintiff failed to introduce the witness who was a passenger in the automobile at the time of the accident and who was

6

present in court and sworn as a witness, and who had likewise brought suit against the defendant for injuries sustained in the same accident, in which suit he was represented by the same counsel as plaintiff, but her reliance instead upon secondary evidence, in the form of testimony of declarations made by the defendant, not certain and clear as to its proper import, justified the giving in charge of the principle of law set forth by the code section, since, under such circumstances, the failure of the plaintiff to introduce the witness, who was cognizant of all the facts and circumstances surrounding the accident, including the plaintiff's contention that the decedent had been refused permission to leave the car, could have authorized the presumption set forth in the code.

4. The evidence being in dispute relative to the status and relationship of the decedent at the time of the injury, the judge, on his own motion, should have charged the jury the law relative to the degree of care chargeable to the defendant in view of whichever status the jury might find that the decedent occupied at the time of the accident, and his failure to do so requires that the verdict and judgment be set aside. The other exceptions, relating to questions not likely to arise upon a second trial of the case, need not be dealt with.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 13, 1929.

ADHERED TO ON REHEARING, FEBRUARY 21, 1930.

*McCutchen, Bowden & Gaggstatter,* for plaintiff:
*Foley & Chappell,* for defendant.

ON REHEARING.

JENKINS, P. J. A rehearing was granted in this case, upon the motion of the defendant in the court below. The judgment was reversed because, under the rulings made in the original syllabus, the court erred in restricting the right to recover to the proof of gross negligence on the part of the defendant, and in failing to charge the law governing the duty of the defendant to exercise the required degree of diligence in the event the jury should find that the decedent, at the time of the accident, had ceased to be the voluntary guest of the defendant. In the motion for rehearing the movant contends that the plaintiff's pleadings, either as originally filed or as amended, did not authorize a recovery upon any theory other than that the only duty owing by the defendant to the decedent was to exercise a slight degree of care and diligence. It is contended that the plaintiff's original case was set forth in a single count, alleging that the decedent met her death by reason of the gross negligence of the defendant, and that it was nowhere

alleged by the petition or even by the amendment that the defendant was guilty of anything else than gross neglect, or that he owed the decedent any duty other than that arising by reason of her occupancy of the car as an invited guest. It is contended that if, as alleged by the amendment setting up the protest by the decedent against the rate of speed at which the defendant was driving, and her alleged request to be permitted to leave the car, the defendant deliberately and intentionally restrained the decedent of her liberty, he ceased to be merely negligent, but was guilty of wilful and wanton misconduct, and that, in such event, liability on account of wilful and wanton misconduct could not be set up in the same count as liability on account of negligence. In this connection counsel quote from 45 C. J., p. 1090, as follows: "Since the words 'negligence' and 'wilfulness' are incompatible, and a cause of action sounding in ordinary negligence is one thing and one sounding in wilful misconduct is another, plaintiff, in a single count, must proceed upon one theory or the other, and can not, in the absence of statute permitting it, allege in such count both simple negligence and wilful misconduct." Wilful and wanton misconduct and gross negligence are not, in this State, regarded as synonymous (*Harris* v. *Reid,* supra), although it has been held that gross negligence may be so accounted where the evidence indicates "that entire absence of care which would raise the presumption of conscious indifference," or that, with reckless indifference, the person acted with actual or imputed knowledge that the inevitable or probable consequence of his conduct would be to inflict injury. *Southern Ry. Co.* v. *O'Bryan,* 119 *Ga.* 147 (1) (45 S. E. 1000); *Southern Ry. Co.* v. *Davis,* 132 *Ga.* 812, 815, 818 (65 S. E. 131). Accordingly, the fact that the defendant's negligence is characterized as "gross" does not mean that the plaintiff is seeking to recover on account of wilful and wanton misconduct. What the plaintiff in this case did was to set forth facts which would give rise to a duty on the part of the defendant to exercise slight care, and to allege acts of omission and commission on the part of the defendant in driving the car, as constituting a violation of that duty, amounting to gross negligence; and, thereafter, without objection, she set forth additional facts which would give rise to a duty on the part of the defendant to exercise ordinary care, and alleged that the same acts of omission and commission on the part of the defendant,

in driving the car, constituted a violation of that duty, amounting to ordinary neglect. Such allegations would not be inconsistent, since any acts of omission or commission which amounted to "the want of that care which every man of common sense, how inattentive soever he may be, takes of his own property," characterized as "gross" negligence (Civil Code of 1910, § 3473), would necessarily show an absence of "that care which every prudent man takes of his own property of a similar nature," amounting to ordinary neglect. Civil Code of 1910, § 3471.

A plaintiff can not be deprived of her right to recover on the theory that the decedent's death occurred by reason of the failure of the defendant to exercise ordinary care, at a time when such duty rested upon him, by reason of the fact that the negligence set forth by the petition is characterized as "gross." The mere fact that acts may be alleged to constitute "gross" negligence will not operate to put upon the plaintiff the burden of showing a greater degree of negligence than will authorize a recovery under the facts set forth. *Western Union Telegraph Co.* v. *Harris,* 6 *Ga. App.* 260 (2), 262 (64 S. E. 48) ; *Dowman-Dozier Mfg. Co.* v. *Central of Ga. Ry. Co.,* 29 *Ga. App.* 187 (114 S. E. 815) ; *Standard Oil Co.* v. *Parrish,* 40 *Ga. App.* 814 (151 S. E. 541). Whether an amendment which changed the relationship of the parties would operate to add a new and distinct cause of action might, under some circumstances, raise a question of some difficulty (see *Rowland* v. *Kell,* 27 *Ga. App.* 107, 120 (107 S. E. 602) ; but however that may be, the amendment having been allowed without objection, no such question is presented.

In the original petition it was alleged that the decedent was riding in the defendant's automobile as his invited guest. Under the decisions cited in the original syllabus in this case, these facts gave rise to a duty on the part of the defendant to exercise but slight care for her safety. It has been suggested in previous adjudications by this court and by the Supreme Court, cited in *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297), that the reason for this rule is that the relationship of the parties is somewhat analogous to that of a bailor and a gratuitous bailee. It might perhaps seem that the better reasoning would be that the true logic of the rule is that the passenger, by accepting an invitation to become the gratuitous guest of the driver in his automobile, becomes

engaged in a joint enterprise with the driver, and must be taken to assume not only the risk of the ordinary perils of the highway, but the extraordinary risk incurred by reason of any ordinary neglect on the part of the driver in pursuance of the common enterprise. However this may be, in recognition of the rule laid down in the *Epps* case, the plaintiff based her original petition upon the theory that the death of her daughter was occasioned by certain acts of omission and commission on the part of the defendant, amounting to gross negligence, such as would render him liable for the homicide of his gratuitous guest. Thereafter, and without objection, she amended her petition by alleging that the decedent had protested against the rate of speed at which the defendant drove the automobile, and sought to leave the vehicle, but that he refused to permit her to do so. Thus the plaintiff sought, by her amendment, to set forth facts which would show that the decedent was no longer engaged in a common enterprise with the defendant, and no longer assumed the extraordinary risk of any ordinary neglect on his part in driving the vehicle, with the legal consequence that by reason of such change in relation, the duty devolved upon the defendant to exercise ordinary care to avoid injury to the decedent. In the event she proved her case as amended, she thus became entitled to recover on the theory that the same acts of negligence which it had been originally alleged constituted a violation of the duty to exercise slight care also constituted a violation of the greater duty to exercise ordinary care. While the jury might not have believed that the acts of the defendant in his manner of driving the car constituted gross negligence, they might well have believed that the acts of the defendant did amount to ordinary neglect, and that the circumstances were such as to impose upon the defendant the duty of exercising that degree of diligence. Under the charge of the court given, the plaintiff was deprived of any right to recover except for gross negligence, and, for the reasons set forth in the original syllabus, we think the court should have instructed the jury that if it was found from the evidence that the decedent had ceased to be the voluntary and gratuitous guest of the defendant, the duty would thereafter devolve upon him to exercise ordinary care for her safety.

But it will be observed that the movant further contends that the amendment setting up the protest by the decedent against the

rate of speed at which the defendant was driving, and the defendant's alleged refusal to accede to her request to be permitted to leave the car, not only was not, but could not, be used or employed for the purpose of showing a change in the status and relationship of the parties. As we understand the position of the movant, his contention in this respect is that not only did the plaintiff fail by this amendment to assert the right of the decedent to the exercise of ordinary care for her protection, but that such a right could not have been thus asserted for the reason that the alleged act of the defendant in refusing to allow the decedent to leave the car necessarily amounted to wilful and wanton misconduct, and that, negligence and wilful and wanton misconduct being incompatible, a suit can not be maintained in one count on such inconsistent theories. We have already cited authority to show that the plaintiff could not be deprived of her right to recover on account of the defendant's failure to exercise ordinary care at a time when such a duty rested upon him, merely because the negligence set forth by the petition is characterized as gross. Movant seems to go a step further in his contention, however, by insisting that the only facts set forth by the amendment which would change the degree of diligence were facts which would take the case out of the realm of negligence altogether by showing, instead of negligence, what amounted to wilful and wanton misconduct. Whatever might be the rule respecting the right of a plaintiff to recover on account of negligence where the facts set up show wilful and wanton misconduct, especially where the amendment setting up such facts is allowed without objection (*Charleston &c. Ry. Co.* v. *Johnson,* 1 *Ga. App.* 441, 442, 57 S. E. 1064), as we understand the petition, the suit by the mother for the homicide of the daughter is predicated upon the negligence of the defendant in his manner and method of driving the car, and no recovery is sought on account of the alleged wrong of the defendant in refusing to permit the decedent to leave the car when requested so to do. The allegation as to the defendant's refusal to permit her to leave the car was not set forth as a ground of negligence, but became relevant only by way of inducement, as throwing light upon the status and relationship existing between the parties at the time of the injury, which, in turn, fixed and determined the measure of care and diligence owing by the defendant to the decedent in driv-

ing the car. We can see no reason why the plaintiff could not take advantage of the changed relationship existing between the parties, which in turn augmented the degree of diligence owed to the decedent by the defendant, merely because such change of relationship may have been brought about by the wrongful, or even wilful and wanton, conduct of the defendant.

After all, the main and vital questions involved in this case were, first, whether, under the disputed issues of fact, the defendant owed the decedent, as his gratuitous guest, only slight diligence in her protection, or whether, under the facts, there had been such a change in relationship as rendered it incumbent upon him to exercise ordinary care in her behalf; second, whether or not, under the disputed issues of fact, the defendant, in his manner and method of driving the car, was guilty of a failure to exercise the degree of care which the facts as found by the jury might show he owed; third, whether or not the death of the decedent proximately resulted from the failure of the defendant to exercise such required degree of care.

Counsel for respondent on the rehearing reiterate their former contention, dealt with in the third division of the syllabus. We are still of the opinion that the court did not err in charging the principle of law embodied in the Civil Code (1910), § 5749, that "where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted." We did not overlook the ruling made by the Supreme Court in *Anderson* v. *Southern Ry. Co.*, 107 *Ga.* 500 (33 S. E. 644). We do not consider that the ruling made in the third division of the syllabus in the instant case in any wise conflicts with the ruling made in the *Anderson* case. In that case, as shown by the opinion of the court, several eyewitnesses testified to the facts which might have been proved by the additional witness withheld, and, therefore, in the language of the Supreme Court, "it could not be said that the plaintiff had more certain and satisfactory evidence in his power to sustain his contention, and yet relied on that which was of a weaker and inferior nature." In the instant case, while an eyewitness to the homicide, and to the vital

incidents and circumstances leading up thereto, was present in court, the plaintiff nevertheless relied entirely upon evidence of a weaker and inferior nature, consisting of secondary evidence in the form of testimony as to the declarations made by the defendant, and which were not altogether certain or clear as to their proper import. Accordingly, we think the court was altogether justified in giving in charge the principle of law set forth by the code-section cited.

*Judgment adhered to.*