### 27762. AYCOCK v. PEASLEE-GAULBERT PAINT AND VARNISH COMPANY.

898

DECIDED NOVEMBER 9, 1939.

*Eugene Dickey, George B. Rush,* for plaintiff.

*Bryan, Middlebrooks & Carter, E. E. Carter,* for defendants.

STEPHENS, P. J. The plaintiff brought suit for damages against Thomas C. Greer and Peaslee Gaulbert Paint and Varnish Company, on account of alleged personal injuries caused by the negligence of the defendants. The petition was in two counts. The judge sustained the general demurrer of the paint company to the petition, dismissing the case as to it. To this judgment the plaintiff excepted.

■ The plaintiff, in his brief in this court, concedes that the first count of his petition did not set out a cause of action against Peaslee Gaulbert Paint & Varnish Company, and states: "Plaintiff does not desire to contest the action of the lower court in dismissing the case made by the first count against Peaslee Gaulbert Paint & Varnish Co."

■ In the second count the plaintiff alleged that Peaslee Gaulbert Paint & Varnish Company was liable on account of the injuries received by him as a result of a collision between an automobile being driven by Greer, the salesman of the paint company, and an automobile being driven by the plaintiff. It was alleged that the automobile "was being driven by said Thomas C. Greer, the agent and salesman of Peaslee Gaulbert Paint & Varnish Co. Inc., and that the said Thomas C. Greer at the time of said accident . . did not have a driver's license entitling him to drive an automobile; . . that said Peaslee Gaulbert Paint & Varnish Co. Inc. knew or in the exercise of ordinary caution should have known that said Thomas C. Greer did not have a license by the State of Georgia to drive an automobile, and that the said Peaslee Gaulbert Paint & Varnish Co. Inc. were negligent in allowing said Greer to drive their said automobile without being properly licensed, and that said negligence on the part of Peaslee Gaulbert Paint & Varnish Co. Inc. contributed to and was the cause of the injuries suffered by the plaintiff; . . that the permission of

said Peaslee Gaulbert Paint & Varnish Co. Inc. for said Thomas C. Greer to drive said car without a license to do so was a direct violation of the laws of the State of Georgia."

It does not appear from the allegations of the petition that the failure of Greer, the salesman of the paint company, to have a driver's license to operate a motor vehicle, as required by the laws of this State (Ga. L. 1937, pp. 322, 341), had any causal connection with his negligence, as alleged, in violating the traffic ordinance of the City of Atlanta and colliding with the plaintiff's automobile, thereby causing the injuries sued for. It does not appear that he was in fact an incompetent driver. Nor does it appear that at the time of the collision Greer was going about the duties of his employer and engaged within the scope of his employment. See cases cited in 73 A. L. R. 164; Winslow v. Everson, 221 Ky. 430 (298 S. W. 1084). It follows that the petition failed to set out a cause of action against Peaslee Gaulbert Paint & Varnish Company, and that the judge did not err in sustaining the general demurrer and dismissing the petition as to it.

*Judgment affirmed. Sutton and Felton, JJ., concur.*