## 32598. ATLANTIC COMPANY *v.* TAYLOR.

Decided September 10, 1949.

S. B. Lippitt, for plaintiff in error.

J. Neely Peacock Jr., contra.

FELTON, J. 1. The court did not err in overruling the general or special demurrers to the first count of the petition. The allegations are sufficient to allege that the plaintiff was an invitee on the truck, engaged in an undertaking of mutual benefit to him and the defendant. The allegation, that "Said Anderson had authority to permit and allow plaintiff to assist in the operation of the truck," is not a conclusion but is an allegation of an ultimate fact. It was not necessary to allege the evidence by which the allegation would be proved. The same ruling applies to the allegation that Anderson "was acting within the scope of his employment in inviting, permitting, and allowing the plaintiff to assist in the operation of the truck, and in the loading and unloading of the truck." The special demurrers to paragraph 18 of count one are without merit.

2. The court did not err in overruling the general or special demurrers to count two of the petition. Ammonia-gas containers are in the nature of explosives. They are dangerous articles which, if negligently handled or charged, will cause injury to those within their range. The duty to exercise ordinary care in the handling of such instrumentalities and substances runs to those who the handler should anticipate might lawfully come within the orbit of the danger arising from negligence in the handling of the dangerous substances. 38 Am. Jur., § 104, p. 767; Newark Electric L. & P. Co. v. Garden, 78 Fed. 74. This duty runs to mankind. 22 Am. Jur., § 13, p. 135; Cooley on Torts, Vol. 3, § 425, p. 157; Beall v. Seattle, 28 Wash. 593 (69 Pac. 12). As to carriers' liability, see 35 C. J. S., § 9, p. 244. The second count alleges facts sufficient to set forth a cause of action on the theory that the plaintiff was in a place where he

had a right to be and that the defendant actually knew of his presence. The allegations of count two, as well as count one, confine the causes of action to special circumstances under which the defendant knew of the plaintiff's· exposure to whatever dangers the negligence of the defendant would cause, and even if the plaintiff was no more than a legally invited guest, the same rule would obtain. The cases cited and insisted on by the plaintiff in error are not applicable to this case. They are cases holding that one does not owe the duty of ordinary care to a guest or one invited by a servant without authority. The first class especially involves liability for negligence by the operator of a vehicle. In this case there is no negligence alleged as to the driver of the truck or as to the condition of the truck. The special demurrers to the second count are for the most part similar to those to the first count and were properly overruled.

The court did not err in overruling the general and special demurrers to the two counts of the petition.

*Judgment affirmed.   Sutton, C. J., and Worrill, J., concur.*