33440. FLINT EXPLOSIVE CO. *et al. v.* EDWARDS.

Decided July 16, 1951.

W. H. *Miller, S. B. Lippitt,* for plaintiffs in error.

H. G. *Rawls, Custer & Kirbo,* contra.

MacIntyre, P. J. ■ The suggestion of counsel for the plaintiff, that the demurrers to the petition be not considered by this court for the reason that there is not a sufficient assignment of error in the exceptions pendente lite to the overruling of the demurrers, will not be followed. The demurrers, together with the trial court's order overruling them, appear in the record in this court. The bill of exceptions, certified by the trial judge, recites, "at the time of the allowance of said amendment of the plaintiff, the defendants urged the demurrers of the defendants, both general and special, and the court on the 19th day of September, 1950, after argument, overruled all of the demurrers of the defendants on each and all of its grounds, the defendants excepted to said order and to said ruling, and tendered their bill of exceptions pendente lite to said order, and said bill of exceptions was certified to be true, and allowed and ordered filed by the court in said case, and was signed and filed in said case on September 19, 1950." Error is assigned in the bill of exceptions on the exceptions pendente lite, and it is recited in the exceptions that, "during the trial of said case and before final judgment the question arose whether to sustain the demurrers of the defendants . . to the original petition as amended . . when and whereupon the said judge decided that he should overrule all of the demurrers . . which decision was adverse to and against the contentions of the said defendants, *to which ruling* and decision of the court, said defendants and each of them then and there excepted, and now except *and assign said ruling* as error." It is clear to this court that the defendants, in their exceptions pendente lite, were not, in view of the recitals in the exceptions pendente lite, the bill of exceptions, and in view of the record in the case, assigning error upon the contemplative processes of the trial judge but upon the *"ruling"* actually made, overruling the demurrers. To place any other construction upon the assignment of error in the ex-

ceptions pendente lite, would, we think, nullify the spirit of the law as expressed in Code § 6-1307. See, in this connection, *American Investment Co.* v. *Cable Co.*, 4 *Ga. App.* 106 (1) (60 S. E. 1037).

■ The petition as originally filed sought a recovery on the theory of ordinary negligence on the part of the defendants, in that the defendant du Pont, which manufactured the dynamite, caps, and fuse, had manufactured a defective fuse; that it had sold the dynamite, caps, and fuse to the public through its dealers, who purchase and resell these items to the public; that the defendant Flint Explosive Company was one of such dealers; that the Flint Company had represented to the plaintiff that the merchandise was suitable for the purpose for which it was intended and that Flint Company through one of its agents had instructed him in its use; that he used it according to such instructions, but the fuse, instead of delaying the spark passed the spark immediately to the dynamite which exploded before the plaintiff could remove himself from the range of its explosion and he was injured thereby. Thus the original petition set out a cause of action for lack of ordinary care. Although on the trial of the case counsel for the plaintiff admitted in open court that the plaintiff did not intend to pursue this theory of the case, that is, that the fuse was defectively manufactured, these allegations were not stricken from the petition, and consequently we must consider them in their relation to the amendment in passing upon the demurrers just as the trial court had to consider them, without the benefit of the subsequent abandonment of that theory of the case. In order to determine whether the ruling on the demurrer was error, we recognize that rulings on special demurrer are not reversible where harmless and that the abandonment of this theory of the case in open court and in the presence of the jury may have rendered the overruling of the demurrer complaining of duplicity harmless insofar as the allegations contained in the original petition bear upon the subject. However, if the amendment upon which the plaintiff was relying at the time the statement was made is itself duplicitous, the demurrer being directed to it on this ground, then it becomes unnecessary to determine whether or not it was harmful for the court to overrule the demurrer after

abandonment of the allegations contained in the original petition by counsel for the plaintiff. The amendment alleges in effect that the Flint Company and its agents and employees were incompetent, and that the employee who instructed the plaintiff in the use of the equipment (the dynamite, caps, and fuse) was incompetent and unqualified to give such instructions; that the employment of such incompetent personnel is contrary to the custom of the industry; and that the defendants *"brazenly, wilfully and wantonly* violated the customs of said industry" in this regard and *"negligently* failed to comply with any of said customs"; that it is a custom of manufacturers and dealers to make periodic surveys of the entire operation to determine hazards existing under specific local conditions and to train personnel properly; that the defendants violated this custom by failing to make proper surveys and allowing dynamite, caps, and fuse to be sold to users without proper instructions, as a result of which the plaintiff was injured, which injury could have been prevented by the defendants *in the exercise of ordinary care;* that the custom of the industry requires that only competent dealers be engaged, but the defendants *negligently* and *wilfully* permitted said articles to be sold by incompetent and unqualified dealers; that the defendant manufacturer *maliciously, wilfully and negligently* procured the dealer to sell the articles knowing its employees were incompetent, and *maliciously, wilfully* and *negligently* procured the dealer to sell the articles in violation of Chapter 88-8 of the Code Annotated Supplement; and, finally that said malicious conduct caused the plaintiff's injuries.

The paragraphs of the amendment charge malice, wilfulness, wantonness and gross negligence. The latter is considered by this court to have been charged because of the allegations in the amendment that "by the exercise of the slightest degree of care the defendants could have avoided the injuries to the plaintiff." Ordinary negligence is also considered by this court as charged in the amendment in view of the term "negligent" used in several places throughout the amendment and the charge that the defendant "could have by the exercise of ordinary care prevented the injury to the plaintiff." As previously pointed out, the demurrer is based on the ground that the peti-

tion is duplicitous in that it seeks recovery for ordinary negligence and wilful and waton misconduct in one count.

"Since the words 'negligence' and 'wilfulness' are incompatible, and a cause of action sounding in ordinary negligence is one thing, and one sounding in wilful misconduct is another, a plaintiff in a single count must proceed upon one theory or the other, and cannot, in the absence of a statute permitting it, allege in such count both simple [ordinary] negligence and wilful misconduct." *Buffington* v. *A. B. & C. R. Co.*, 47 *Ga. App.* 85 (169 S. E. 756). "An action for wanton negligence cannot be joined with one for simple negligence in the same count over the objection of appropriate demurrer." *Southern Ry. Co.* v. *McCrary*, 55 *Ga. App.* 406 (190 S. E. 195). Here the conduct of the defendants in violating the customs of the trade as alleged is characterized as malicious, wilful, wanton, and grossly negligent, and as lack of ordinary care; and, we should have said that the plaintiff was relying upon malicious, wilful, and wanton misconduct as his theory of recovery from what is alleged in the last paragraph of the amendment, "the said malicious conduct on the part of the defendants . . caused the said injuries to the plaintiff," but for the allegation in the amendment which states that by the exercise of ordinary care the defendants could have avoided or prevented the injuries to the plaintiff, which is quite another thing!

It is true that where a defendant owes the plaintiff a duty to use no more than ordinary care, the fact that the plaintiff has characterized the defendant's conduct as wanton or gross negligence, will not defeat his recovery if the facts prove that the defendant was guilty of no more than ordinary negligence, since "the legal conclusions of the court are to be drawn from the statements of fact contained in the pleadings unaffected by the conclusions of the pleader." *Dowman-Dozier Manufacturing Co.* v. *Central of Ga. Ry. Co.*, 29 *Ga. App.* 187 (114 S. E. 815). See also *Western Union Telegraph Co.* v. *Harris*, 6 *Ga. App.* 260 (2) (64 S. E. 1123); *Blanchard* v. *Ogletree*, 41 *Ga. App.* 4 (152 S. E. 116). And to prove wantonness there must be more than a mere omission of a statutory duty, and some affirmative evidence from which a conscious indifference to the consequences may be drawn. *Edwards* v. *A. B. & C. R. Co.*, 63 *Ga. App.* 212,

388

220 (10 S. E. 2d, 449). All of these cases have to do with a consideration of the *evidence upon the trial of the case,* or the charge of the court in relation thereto. In the *Blanchard* case, supra, it was specifically pointed out that *no objection* was made to the addition of the amendment which characterized the same acts on the part of the defendant as constituting a lack of ordinary care rather than a lack of slight care. Here, a timely special demurrer was interposed to the allegations of the amendment on the ground of duplicity. We think the amendment, especially construed, as it must be, most strongly against the pleader, showed an intent to base the amendment on a cause of action for malicious misconduct, which is very different from ordinary negligence in that it shows (malicious misconduct shows) an affirmative intent to do harm. The defendants had a right at the proper time to cause the plaintiff to elect as to whether he would proceed on a theory of ordinary negligence or a theory of malicious misconduct, as otherwise the pleadings would be confusing to the jury and prejudicial to the defendants. Further, if it should be argued that the use of such words as "wilful," "wanton," and "malicious" many times repeated in the amendment, did not change the duty of the defendants to the plaintiff and were therefore mere conclusions, it must be pointed out that the defendants also demurred to these allegations on the ground they were conclusions of the pleader, and they had a right to have them stricken as such if they were not to be considered, and if no facts showing wantonness or malice were properly pleaded. Without regard to the effect of the amendment by the plaintiff of the allegations contained in his original petition, which conclusively showed the cause of action to be based on ordinary negligence, the amendment itself was duplicitous and subject to the demurrer based on this ground. The trial court erred in overruling demurrers 3, 5, 6, 7 and 8 to paragraphs 25, 30, 33, 34 and 35 of the petition. MacIntyre, P. J., dissents.

■ A portion of paragraph 27, as follows: "Likewise, said defendants failed to follow up the use of said explosives and caused and permitted thereby a series of accidents in the Southwest Georgia area from the use of said articles," was demurred to on the ground that the same is irrelevant and immaterial.

Whether or not the negligence complained of, or similar negligence on the part of the defendants, was responsible for injuries to others on occasions different from the one in question, is not generally relevant, and evidence relating thereto would not generally be admissible. Code, § 38-202. As stated in *Central of Georgia, Ry. Co.* v. *Ross,* 107 *Ga.* 73 (32 S. E. 904), it might be perfectly true that the other accidents had resulted from the alleged negligence of the defendants, and yet there might be no liability on the defendants for this injury to this plaintiff for that same type of negligence unless shown to have existed as to him. Similar acts or omissions on other and different occasions are not generally admissible to prove like acts or omissions at a different time and place. *Butler* v. *Central of Ga. Ry. Co.,* 41 *Ga. App.* 115 (5) (151 S. E. 834). See also *Bazemore* v. *Howell,* 54 *Ga. App.* 444 (188 S. E. 282); *Sweat* v. *Foster,* 28 *Ga. App.* 360 (111 S. E. 66). It follows that the court erred in overruling special demurrer 4 to paragraph 27 of the petition.

This ruling, however, is made in view of the ruling in division 2 of this opinion holding that the petition is duplicitous in attempting to charge the defendant in one count both with negligence and with wilful, wanton and malicious misconduct, and we do not here hold that the paragraph would be objectionable if incorporated in a count of the petition charging only the latter, since, as stated in *Southern Railway Co.* v. *Davis,* 132 *Ga.* 812, 819 (65 S. E. 131), "When motive, malice or intent is involved, evidence may be admissible which is not so under an issue of simple negligence." As further stated in that case, "In an action to recover damages for injuries alleged to have been inflicted by reason of negligence, before the person charged with the negligence can be held guilty of wilful or wanton negligence the evidence must show [or the petition, as against special demurrer, must properly allege] that he knew his conduct would inflict injury, or that, on account of the attendant circumstances which were known to him, or with knowledge of which he was chargeable, the inevitable or probable consequence of his conduct would be to inflict injury, and with reckless indifference to the consequence of such conduct he committeed the act, or omitted to do his duty to avoid the threatened injury." On

the question of wantonness as illustrated by acts showing a reckless indifference to consequences, pleadings and evidence in support thereof to the effect that the defendants in violating the customs of the industry by turning over the sale of the explosives to untrained and incompetent personnel, knew from previous experience that such negligence on their part would probably result in injury to the plaintiff because they knew that such carelessness on their part in the past had resulted in similar injuries to others, but that, in utter indifference to the consequences they continued blindly in a course of conduct which experience had taught them could only result in disaster for the purchaser, then such a reckless indifference to consequences *known* to them would be admissible on the question of malice or wanton misconduct, but it would *not* be admissible on the question of whether the act itself was negligent, or whether that negligence was the proximate cause of the injury. Since this petition alleges both simple negligence and wilful misconduct in one count and is demurrable for that reason, paragraph 27 of the amendment is demurrable, although such pleading would be proper in a count of the petition based upon wanton or malicious misconduct, as it would be pertinent to show knowledge, malice and intent on the part of the defendants. MacIntyre, P. J., concurs specially.

■ Paragraph 34 of the amendment reads as follows: "The defendant E. I. DuPont DeNemours & Co. maliciously, wilfully and negligently procured the defendant, Flint Explosive Company, to sell said articles to plaintiff in violation of Chapter 88 of the Annotated Code of Georgia, 1933, knowing that the said Flint Explosive Company had not and could not qualify for a license under said chapter." This paragrapah was demurred to as irrelevant and immaterial. ·

Code (Ann. Supp.) § 88-802, after stating that it shall be unlawful for any person or corporation to own, possess or control any dynamite, nitroglycerine, guncotton or any other high explosive without first registering the amount and name thereof with the ordinary and obtaining a license authorizing such person or corporation to own, possess and control the same, provides as follows: "The ordinary may refuse to issue a license if he finds as a fact that the applicant is not sufficiently reliable or

experienced to possess explosives or lacks suitable facilities therefor, has ever been convicted of a crime involving moral turpitude or is disloyal or hostile to the United States."

In an action for simple negligence, failure of the defendant to have a license to do the thing, the negligent performance of which is alleged to be the cause of the injury, is not admissible, as whether or not the defendant had such license is not relevant or material on the question of whether he was negligent, or of whether his negligence was the cause of the plaintiff's injury. See *Aycock* v. *Peaslee-Gaulbert Paint &c. Co.,* 60 *Ga. App.* 897 (1), 899 (5 S. E. 2d, 598) ; *Farmer* v. *Georgia Power Co.,* 39 *Ga. App.* 61 (2) (146 S. E. 40) ; *Western & Atlantic R.* v. *Reed* 35 *Ga. App.* 538 (4) (134 S. E. 134) ; *Andrews* v. *Lofton,* 80 *Ga. App.* 707 (1) (57 S. E. 2d, 338). However, as stated in *Southern Ry. Co.* v. *Davis,* supra, "When motive, malice or intent is involved, evidence may be admissible which is not so under an issue of simple negligence." Here it is contended that the action of the du Pont Company in violating the customs of the industry by turning over the sale of the explosives to untrained and incompetent personnel knowingly acted in utter and reckless disregard of the consequences. As proof of the knowledge of this defendant of the incompetence of the personnel of its distributor company, the plaintiff seeks to show that the dealer was unable to obtain a license to handle the explosives, and that this fact was known to the defendant du Pont Company. Providing, upon the trial of this case, it is proved that Flint Explosive Company was negligent in its conduct toward the plaintiff, and that this negligence proximately resulted in injury to him, then, as against the du Pont Company, and in support of the allegations of wilful and wanton misconduct in turning over their distribution of explosives to unqualified personnel in violation of the custom of the trade, evidence that Flint Explosive Company was unable to qualify for a license, and evidence of knowledge of this fact by du Pont, combined with a continuance by them to make use of such unqualified personnel, would be relevant to show knowledge and malice or intent on the part of the du Pont Company. As the petition stands, the trial court erred in overruling the demurrer to paragraph 34 of the petition. This ruling, however, is in view of the ruling in division 2 hereof

holding that the petition is duplicitous. Paragraph 22, also demurred to on this ground, is subject to demurrer because the knowledge that the Flint Company was unqualified as alleged therein is constructive only, it being alleged that the du Pont Company knew these facts, or should have known of them by the exercise of ordinary care. This constitutes constructive knowledge only. MacIntyre, P.J., dissents.

■ In passing upon the general demurrer, this court must consider the petition as amended as though the court has sustained the special demurrers which were erroneously overruled, as demonstrated by divisions 2, 3, and 4 of this opinion, supra. The plaintiff unquestionably has a right to amend to cure the duplicitous features of the amended petition, either by striking a part or by adding another count, or both. The allegations as to the failure to register with the ordinary and obtain a license and the allegations as to other disasters resulting from the defendants' negligent conduct must be considered as stricken. There remain, then, in addition to the allegations concerning the negligent or faulty manufacture of the fuse (upon which the plaintiff did not rely on the last trial of the case, but upon which we will not anticipate he will not rely again) allegations, among others, that the dynamite sold to the plaintiff is an inherently dangerous instrumentality; that they are recommended (the dynamite, caps, and fuse) to the public for use in blasting stumps; that it is the universal custom of the industry to strictly regulate and supervise the personnel involved in the sale, distribution, and use of the article, and also the custom to make periodic surveys of the entire operation to determine the hazards existing under local conditions and eliminate them, and give proper instructions in their use. The petition further alleges that the manufacturer violated all of these customs of the trade by turning over to incompetent and untrained distributors the sole responsibility of distributing the product, that they failed to make surveys, failed to exercise care to select competent dealers, or to see that such dealers gave proper instructions to the public to whom they sold the products, but, knowing that the defendant dealer was inexperienced, incompetent, and unqualified, continued to allow such dealer to supply the public with the dynamite in an improper and incompetent

manner. "It is universally recognized that a manufacturer or seller of an article which is inherently and imminently dangerous to human life or health, or which, although not dangerous in itself, becomes so when applied to its intended use in the usual and customary manner, is liable to any person whether the purchaser or a third person who, without fault on his part, sustains an injury which is the natural and proximate result of the negligence in the manufacture or sale of the article." 45 C. J. 888. What constitutes due care on the part of a manufacturer or dealer varies with the danger inherent in the article sold, and a greater measure of care is necessary in dealing with explosives than in dealing with the products not ordinarily capable of inflicting injury. See *Milton Bradley Co. of Ga.* v. *Cooper,* 79 *Ga. App.* 302 (1) (53 S. E. 2d, 761); *Atlantic Co.* v. *Taylor,* 80 *Ga. App.* 25 (54 S. E. 2d, 910). Whether due care in the premises was exercised by the defendants, or whether, as alleged, the measure of care adopted by the industry generally and fixed by the general customs of the trade was not met by the defendant, and if not, whether his failure to measure up to the standards so set by custom in the industry, was negligence, are all questions of fact for the jury. The Circuit Court of Appeals in dealing with the question of the removal of this case, Edwards *v.* E. I. du Pont de Nemours & Co., 183 Fed. 2d, 165, indicated that it considered this petition to set out a cause of action, and while we are not bound by such intimation, this court would hesitate to hold as a matter of law that the distribution of dynamite sticks for use in blasting stumps, carried on by incompetent and untrained personnel without adequate supervision in the absence of surveys and instruction of a type regularly given and considered to be necessary by the industry generally, is not negligence. That is a question of fact for the jury. Accordingly we hold, that the trial court did not err in overruling the general demurrer to the petition as amended. However a reversal is demanded because of the errors in overruling the special demurrers dealt with in the other divisions of this opinion.

■ The rulings in the foregoing divisions of this opinion rendered the further proceedings in the case nugatory and the errors assigned upon the overruling of the motion for a new trial will not be considered.

394

*Judgment reversed. Gardner and Townsend, JJ., concur. MacIntyre, P.J., concurs specially after having stated the majority's opinion.*

MacIntyre, P. J., concurring specially. Although I concur in the judgment of reversal, I do not concur in everything that has been held and said by the majority opinion.

I think, with reference to division 2 on the question of duplicity, that the facts alleged in the original petition showed wilful and wanton misconduct and that such conduct arose from a failure by the defendants to use reasonable care to avoid injury to the plaintiff, knowing the ever-present danger of handling dynamite in blowing up stumps with a faulty and imperfect fuse such as is alleged in the original petition. *Southern Railway Co.* v. *Wiley*, 9 *Ga. App.* 249, 251 (71 S. E. 11). I think the failure of the defendants to prevent injuring the plaintiff, as alleged in the original petition, who they knew was or would be in danger when he undertook to blow up stumps with such dynamite and defective fuse was wilful and wanton misconduct. *DeVane* v. *A. B. & A. R. Co.*, 4 *Ga. App.* 136, 138 (60 S. E. 1079). It seems to me that the special difficulties on the question of duplicity will, to some degree, disappear if the circumstances, as shown by the facts alleged in the petition are considered with relation to wilful and wanton negligence, or misconduct, regardless of the fact that incidentally some of the language used in the petition would be appropriate to some other kind of negligence. It might be here particularly noted that in paragraph 18 of the original petition, it is alleged: "The defendant, Flint Explosive Company, was negligent in selling the defective fuse to the plaintiff without apprising him of the uneven distribution of the powder in the fuse which was well known to the Flint Explosive Company, there having been a number of other similar explosions resulting from said defective fuse sold by the Flint Company which facts were well known to the Flint Company but unknown to the plaintiff." This was an allegation of fact which, if proved, tended to show the doing of a wilful act with knowledge that it was liable to injure others, with a disregard for the consequences, and thus was malicious. I think the amendments to the petition merely strengthened the cause of action for wilful and wanton mis-

conduct or negligence and did not unite another cause of action in the same count of the petition.

I think further that the specific facts alleged in the petition support the legal conclusion of the pleader that these facts amounted to wilful or wanton negligence, or misconduct. *Edwards* v. *A. B. & C. R. Co.*, 63 *Ga. App.* 212, 220 (10 S. E. 2d, 449); *Western & Atl. R.* v. *Reed*, 33 *Ga. App.* 396, 404 (126 S. E. 393); *Southern Ry. Co.* v. *Liley*, 75 *Ga. App.* 489, 493 (43 S. E. 2d, 576). I do not think that the petition as amended is duplicitous and because some of the language used may be appropriate to an action for simple negligence does not necessarily make it such an action when the petition, construed as a whole, shows—as I think it does—that it was an action for wilful and wanton negligence or misconduct. *Duncan* v. *Ellis*, 63 *Ga. App.* 687, 689 (11 S. E. 2d, 841). Nowhere in the petition as amended are the specific words, "simple negligence" used—this, of course, alone is not controlling—and I think that the plaintiff's referring to a lack of due care and the use of the general term "negligence" does not necessarily mean simple negligence; and I think the context in which it is used plainly shows it means malicious, wilful, and wanton negligence. "Wilful and wanton negligence," though it has been said by some of the appellate courts to involve a contradictory term, yet it has often been used in decisions of the appellate courts of this State to describe the higher or more aggravated form of negligence than gross negligence; and when so used it means a wilful determination not to perform a known duty, or a reckless disregard of the safety of others is manifested by the conscious and intentional omission of the care proper under the circumstances. *Edwards* v. *A. B. & C. R. Co.*, supra., at page 219. Black's Law Dictionary, in defining malicious injury states that it is "the wilful doing of an act with knowledge it is liable to injure another and regardless of circumstances." "Malicious injury" is defined to be an injury committed wantonly and wilfully or without cause. 20 Words & Phrases, p. 219.

I think the term "malicious injury" as here used in an action based upon the concurrent act of the defendants, is synonymous with that term as used in common-law conspiracy.

In Southern *Railway Co.* v. *Davis*, 132 *Ga.* 812, 818 (65 S.E.

131), the case of Alabama Great So. R. Co. *v.* Hall, 105 Ala. 599 (17 So. 176), is quoted with approval as follows: "In an action to recover damages for injuries alleged to have been inflicted by reason of negligence, before the person charged with the negligence can be held guilty of wilful or wanton negligence the evidence must show that he knew his conduct would inflict injury, or that, on account of the attendant circumstances which were known to him or with knowledge of which he was chargeable, the inevitable and probable consequence of his conduct would be to inflict injury, and with reckless indifference to the consequences of such conduct he committed the act, or omitted to do his duty to avoid the threatened injury."

Paragraphs 26, 27, 28, 29, 30, 31, and 32 of the petition as amended are merely allegations of the special facts which, I think, support the pleader's conclusions that the du Pont Company maliciously, wilfully, and negligently procured the Flint Explosive Company to sell and distribute the explosives knowing that the Flint Explosive Company, its officers, and employees were unqualified to sell and distribute the explosives and to instruct this plaintiff in the safe and proper manner to use the same.

Having stated in the foregoing paragraphs of this special concurrence that I construe both the original and amended petition to be for wilful and wanton negligence or misconduct, I do not think the court erred in overruling the demurrer to the last sentence in paragraph 27 as follows: "The defendants also failed to follow up the use of said explosive and caused and permitted thereby a series of accidents in the southwest Georgia area from the use of said articles." *Southern Ry. Co.* v. *Davis*, supra, at page 819. However, if the original or amended petition had been for simple negligence, I think such allegation, should properly be stricken.

Under the authorities cited in the majority opinion, I think the court erred in overruling the defendants' demurrer upon the question of the failure of the defendant Flint Explosive Company to obtain a license.